## State, use of John C. Whitehill, Guardian of H. C. Worman, *vs.* Nicholas Norris, Exc'r of John Dudderar.

In an action upon a trustee's bond, the replication assigning the breaches, averred notice to the trustee of the auditor's account distributing a portion of the proceeds of sale to the plaintiff, and of the order of the court directing him to pay over the proceeds of sale to the parties entitled to the same, as appeared by the said audit, demand of payment of the sum due the plaintiff, and the refusal of the trustee to pay.  Upon demurrer it was Held, that this replication was sufficient to maintain the suit.

Appeal from the circuit court for Frederick county.

This was an action of *debt*, instituted by the appellant, Whitehill, as guardian of Worman, against the appellee, upon the bond of his testator, who was appointed a trustee by Frederick county court, as a court of equity, for the sale of certain land.   The declaration was for the penalty of the bond, and after plea of general performance, the plaintiff filed a replication assigning breaches.   This replication sets forth the proceedings in equity which led to the appointment of the trustee, his bonding and assumption of the trust, his sale of the real estate for the sum of $18,240, his report of the sale and the ratification thereof by the court; the reference of the case to the auditor, and the auditor's report allowing the sum of $3512.55 to the ward of the plaintiff; the ratification of

this report by the court, and the passage of the order directing the trustee to pay over to the parties or their guardians the amounts respectively awarded and audited to them, as the proceeds should come to his hands. The replication also avers, that the said trustee in his lifetime *had notice* of the reference of said cause to the auditor, and of the said report of said auditor, and of the said allowance of said distributive share to the ward of the plaintiff, and of the said order and decree of the court thereupon for him, the said trustee, to pay over the said proceeds of sale to the parties entitled to the same, as appeared by said audit. It also avers, that the said trustee in his lifetime paid a part of the said sum, but refused to pay the residue after notice in fact of all the premises and a demand of payment. It also avers the death of the trustee, the qualification of the appellee as his executor, that a copy of the said auditor's report, and a copy of the order of the court upon the trustee to pay over the money to the party entitled, was produced to, and an offer made to read and serve the same upon said executor, which said formal production and service he then and there expressly waived, and thereupon a demand for payment of what was due the plaintiff was made of him as executor, and that with full notice he refused payment.

To the replication the defendant pleaded four rejoinders, to the first three of which issues in fact were joined. To the fourth rejoinder, which averred that the plaintiff did not serve upon the trustee the order of the court, allowing the ward of the plaintiff his proportionate share of said estate, and give notice and demand payment of the trustee of the said sum so allowed the said ward, the plaintiff demurred specially: 1st, because it is a departure from the plea of general performance, and 2nd, because it is double. The court upon this demurrer mounted up to what they supposed the first error in pleading, and ruled the replication bad, and gave judgment for the defendant, from which the plaintiff appealed.

The cause was argued before Le Grand, C. J., Mason and Tuck, J.

State, use of Worman, *vs.* Norris, Exc'r of Dudderar.

*Wm. M. Merrick* for the appellant, contended.

1st. That the replication averring notice in fact to the trustee, in his lifetime, of the auditor's account, and of the decree of the court directing him to pay over the proceeds, and a demand and refusal to pay is sufficient to support the action. The requirements, as well as the reason of the cases of *Oyster vs. Annan*, 1 *G. & J.*, 450, and of 3 *Johns. Ch. Rep.*, 53, are gratified. He referred to the case of *Scott vs. State, use of Ducker*, *ante*, 284, as conclusive on this point.

2nd. That all bonds, obligations, covenants and trusts, even when arising from the exercise of an office, which do not involve in their discharge skill and confidence, are demitted upon the executor or administrator, and upon a breach by him equally as for a breach in the life of the testator or intestate, an action will lie. 2 *Wms. Ex'rs*, 1466, '67, '72, *and note (g.) Harwood vs. Hilliard*, 2 *Mod.*, 268. 2 *Peere Wms.*, 197. *Bacon's Abr., tit. Ex'rs, (p. 1.) Wentworth's Ex'rs, (14th Ed.,)* 250. 1 *Mees. and Welsby*, 423, *Liboni vs. Kirkman*. 2 *H. & G.*, 305, *Waters vs. Riley*. *Boteler and Belt vs. Brooks*, 7 *G. & J.*, 150, 154. 12th *G. & J.*, 306, 320, *Brooks vs. Brooks, Belt and Hodgkin*.

*Palmer* for the appellee, was stopped by the court, they being of opinion, that the case of *Scott vs. State, use of Ducker*, was decisive of this case.

Tuck, J., delivered the opinion of the court.

The only question for our consideration on this appeal, is, whether the breaches assigned in the replication entitle the plaintiff to maintain this suit.

In the case of *Scott vs. State, use of Ducker*, decided at this term, we have said what the law requires in such cases. We consider the present case as within the principles there settled, and that the replication is sufficient.

*Judgment reversed and procedendo awarded.*